# Supreme Court of Texas

### No. 23-0376

Fossil Group, Inc.,

*Petitioner*,

v.

Nicole Harris,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BLACKLOCK, concurring.

The Court's opinion leans heavily on federal Title VII sexual-harassment cases to decide a case brought under Chapter 21 of the Texas Labor Code. I must observe, once again, that:

> Texas judges interpreting Chapter 21 of the Texas Labor Code have an independent obligation to construe Texas law that does not yield to statements made by federal authorities about federal anti-discrimination statutes.
> . . .
> When Texas courts look to federal sources of law for assistance in understanding Chapter 21, we should take care not to give the impression that we are elevating federal law to the level of controlling authority that must be carefully parsed and assiduously followed. Federal

sources of law have no formal role to play, in this case or in future cases, as this Court seeks to understand whether the various legal obligations that might be imagined to arise from Chapter 21 of the *Texas* Labor Code have truly achieved the consent of the governed in Texas.

*Tex. Tech Univ. Health Scis. Ctr. – El Paso v. Niehay*, 671 S.W.3d 929, 945–46 (Tex. 2023) (Blacklock, J., concurring) (internal quotations omitted).

I do not object to the Court's reiteration of propositions about sexual-harassment liability under Chapter 21 that we have previously stated. *See, e.g.*, *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 & n.25 (Tex. 2010); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). But we need not say anything *new* about the Texas Labor Code in order to correctly resolve this case. This is particularly true when, as Justice Young points out, an alternative ground for reversal exists. *Post* at 4–5 (Young, J., concurring). To the extent the Court's opinion can be read to adopt into Texas law, for the first time, any propositions from federal case law about Title VII liability, I do not join those parts of the opinion.

With this reservation noted, I respectfully concur.

James D. Blacklock
Justice

**OPINION FILED:** June 14, 2024

2